2026 IL App (1st) 252057-U

No. 1-25-2057

Order filed July 24, 2026

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DR. ANGIE ABDALLAH GHANAYEM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE ILLINOIS DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY, THE DIRECTOR OF THE ILLINOIS | ) | |
| DEPARTMENT OF EMPLOYMENT SECURITY, THE | ) | No. 25 L 50308 |
| BOARD OF REVIEW, and C.F. MANAGEMENT IL, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (The Illinois Department of Employment Security, The | ) | Daniel P. Duffy, |
| Director of The Illinois Department of Employment | ) | Judge, presiding. |
| Security, and The Board of Review, Defendants- | ) | |
| Appellees). | ) | |

_____

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's dismissal of plaintiff's complaint for administrative review due to lack of jurisdiction is affirmed where the complaint was untimely filed.

¶ 2 Plaintiff Dr. Angie Abdallah Ghanayem, *pro se*, appeals from an order of the circuit court dismissing as untimely her complaint for administrative review of a final decision by the Board of Review of the Illinois Department of Employment Security which found her ineligible for unemployment insurance benefits.

¶ 3 On appeal, plaintiff contends that the circuit court erred when it dismissed her complaint because article 6, section 9 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 9) grants circuit courts original jurisdiction of all justiciable matters and power to review administrative actions as provided by law. Plaintiff also claims that instructions she received from the Department regarding how to appeal the Board's decision were not clear and that the Department committed procedural errors that led to her untimely filing. For the following reasons, we affirm.

¶ 4 Documents in the record show that plaintiff was employed by C.F. Management IL, LLC, until she was discharged in late October 2023. On October 31, 2023, plaintiff applied to the Department for unemployment insurance benefits. She indicated that the beginning date of her claim was October 29, 2023.

¶ 5 On November 29, 2023, the Department issued its initial determination which found plaintiff eligible to receive unemployment benefits. The Department found plaintiff was discharged because she refused to transfer to an alternative work location. Because the refusal was not a violation of her employer's reasonable rule or policy, she was not discharged for misconduct. Plaintiff began receiving a weekly unemployment benefit of $384.

¶ 6 On January 23, 2024, the Department sent plaintiff a notice of possible ineligibility for benefits. Records showed that through self-employment, plaintiff had earned $1,000 in one week,

which exceeded her weekly benefit amount of $384. The notice stated that, if the records were correct, plaintiff may not be eligible to receive unemployment benefits.

¶ 7    On February 20, 2024, a Department claims adjudicator interviewed plaintiff over the telephone to determine her eligibility for benefits. On February 23, 2024, the claims adjudicator issued a written decision which found that plaintiff was not eligible to receive unemployment benefits from October 1, 2023, to February 17, 2024, because she had been working full-time, self-employed, during that period. Consequently, plaintiff did not qualify as an "unemployed individual" as defined in section 239 of the Unemployment Insurance Act (Act) (820 ILCS 405/239 (West 2022)).

¶ 8    The same day, the Department sent plaintiff a "Notice of Overpayment and Recoupment Decision" stating that she had received an overpayment of unemployment benefits in the amount of $5,268, and that she was required to repay that amount to the Department.

¶ 9    Plaintiff filed a request for reconsideration of the claims adjudicator's decision and an appeal to the Department referee. After reconsideration, the claims adjudicator again concluded, based on the original findings and reasoning, that plaintiff was ineligible to receive benefits. Plaintiff's appeal was then filed with the Department referee for a telephone hearing.

¶ 10    On March 18, 2024, administrative law judge and hearing referee Eugene O. Tubbs conducted a telephone hearing to determine whether plaintiff was an "unemployed individual" as defined by section 239 of the Act. The record on appeal does not contain the transcript from the telephone hearing.

¶ 11    The following day, Tubbs issued a written decision affirming the claims adjudicator's determination that plaintiff was not eligible to receive unemployment benefits. In his factual

findings, Tubbs stated that plaintiff had testified at the hearing. Tubbs found that plaintiff was self-employed, part-time, during the benefit period under review. Plaintiff claimed she did not work full-time hours and did not pay herself wages. However, plaintiff had reported wages of $583 per week to the Internal Revenue Service, which was disqualifying income. The reported wages exceeded her weekly unemployment benefit of $384. Tubbs concluded that plaintiff was not an "unemployed individual" as defined by section 239 of the Act. Consequently, plaintiff was ineligible to receive benefits from October 1, 2023, through February 17, 2024. Plaintiff appealed Tubbs's decision to the Board.

¶ 12 On August 7, 2024, the Board issued a final written decision concluding plaintiff was not eligible to receive unemployment benefits because she was not an "unemployed individual" as defined by section 239 of the Act. The Board noted that plaintiff's former employer was not a party to the proceedings. The Board stated that it reviewed the record, including the transcript from the telephone hearing. The Board also considered the arguments raised by plaintiff in her written appeal. The Board denied plaintiff's request to submit additional evidence that she had not presented during the telephone hearing because she had failed to demonstrate that she was unable to provide the evidence earlier for reasons beyond her control. The Board found that the record adequately set forth the evidence and that no further evidentiary proceedings were necessary.

¶ 13 The Board found that the evidence established that plaintiff was self-employed during each week of the benefit period and had paid federal, state, and FICA taxes on the wages she earned. Plaintiff had testified at the telephone hearing that she earned $2500 per month and $583 per week in wages from her self-employment.

¶ 14    The Board stated that section 239 of the Act provided that an individual is considered "unemployed" during a week if no wages are paid to the individual, the individual performs no work or less than full-time work, and the wages paid to the individual for that week are less than the individual's weekly unemployment benefit amount. See 820 ILCS 405/239 (West 2022). Only "unemployed" individuals are eligible to receive benefits.

¶ 15    The Board found that the evidence showed that during each week of the benefit period, plaintiff performed services for which she earned wages that exceeded her weekly benefit amount. The Board changed the start date of plaintiff's benefit period from October 1, 2023, to October 29, 2023, to reflect the correct start date as stated on her claim for benefits.

¶ 16    The Board's written decision included information explaining what action plaintiff needed to take to appeal the decision. The Board stated:

"Notice of rights for further review by the courts:

If this is a final decision, and not a remand, you can appeal if you are aggrieved by the decision. If you want to appeal, you must file a complaint for administrative review and have summons issued in [the] circuit court within 35 days from the mailing date, 08/07/2024.

***

Legal references:

Illinois Unemployment Insurance Act, 820 Illinois Compiled Statutes 405/1100

Administrative Review Law, 735 Illinois Compiled Statutes 5/3-101 *et seq.*"

¶ 17    On May 22, 2025, plaintiff filed a *pro se* complaint for administrative review in the circuit court of Cook County challenging the Board's denial of unemployment benefits. Plaintiff

maintained that she did not work full-time in her self-employed business and that she paid herself "very little to none at all." Plaintiff stated that she amended her taxes and submitted them but was still denied. Plaintiff further stated that both she and her accountant had tried to contact the Department since the denial. Plaintiff claimed that each time she called the Department, she was told that it had not received letters sent by her accountant which had been uploaded to the system, mailed, and faxed. Plaintiff stated that when she finally went to the office in person, she was "told to file the appeal in court."

¶ 18    On June 9, 2025, the State defendants filed a motion to dismiss plaintiff's complaint with prejudice for lack of subject matter jurisdiction pursuant to section 2-619(a)(5), (a)(9), section 3-102, and section 3-103 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5), (a)(9); 3-102; 3-103 (West 2024)). The State defendants argued that pursuant to section 3-103 of the Administrative Review Law (735 ILCS 5/3-103 (West 2024)), plaintiff was required to file her complaint for administrative review in the circuit court within 35 days from the date the Board mailed its decision to her. The State defendants noted that the Board's decision was mailed to plaintiff on August 7, 2024. Thus, plaintiff's complaint filed May 22, 2025, was untimely filed after the statutory period had expired. Consequently, plaintiff was barred from obtaining judicial review of the Board's decision and the court was required to dismiss her complaint.

¶ 19    On July 1, 2025, plaintiff filed a written response objecting to the State defendants' motion to dismiss. Plaintiff claimed that she and her accountant had sent numerous appeal complaints to the Department via mail, fax, uploading, and phone calls as instructed by Department representatives but were told the correspondence was not received and had to be resent. Plaintiff claimed she made diligent efforts to follow up, call, resend, and fax the "appeal complaints" to the

Department within the legal time frame. Plaintiff further claimed that Department representatives "and the letter sent" did not state that she needed to file a complaint with the court within 35 days. Plaintiff stated that it was only after she went to the office in person that a manager told her that her "third appeal" needed to be filed in court, which she promptly did. Plaintiff asserted that the court had jurisdiction to review her case because she acted within the deadline. In addition, plaintiff asserted that her initial phone interview with the Department was unfair and biased because the representative was "aggressive," "combative," would not answer her questions, and sent her to a judicial hearing instead of "properly handling" the interview. Plaintiff stated that she was unaware that she reported her earnings incorrectly when she submitted her certifications. Plaintiff also moved the court to issue subpoenas for the Departments' records, notes, letters, recorded calls, and transcripts of her initial interview and "judicial hearings."

¶ 20    Plaintiff attached to her response two letters she claimed her accountant sent to the Department. Both letters are addressed "To Whom It May Concern" with no indication that they were sent or submitted to defendants. The first letter, dated August 26, 2024, stated that plaintiff received a letter denying her claim for unemployment benefits and requested "further information as to the denial and how to appeal it." The second letter, dated October 25, 2024, stated that plaintiff and her accountant had not received a reply to the first letter and again asked for further information about the denial and how to appeal it.

¶ 21    In reply, the State defendants argued that the Board's decision was mailed to plaintiff on August 7, 2024, and her 35-day period to appeal ended on September 11, 2024. Thus, her complaint filed on May 22, 2025, was submitted well after her filing period ended. The State defendants asserted that the two letters from plaintiff's accountant were "nothing more than mere

typed letters, unsigned, and do not contain any indication of when or how they were sent, much less to whom they were sent." The State defendants further argued that any calls or letters sent to the Department were insufficient because plaintiff was required to file a complaint for administrative review in the circuit court, as the Board's decision clearly instructed her to do. The State defendants argued that because plaintiff failed to timely file her complaint within the 35-day period, the Board's decision became final and was not subject to review by the circuit court. Consequently, the court was required to dismiss plaintiff's complaint for lack of jurisdiction.

¶ 22    On September 9, 2025, the circuit court granted the State defendants' motion and dismissed plaintiff's complaint for lack of jurisdiction because plaintiff failed to timely file her complaint within the 35-day time limit as required by section 3-103 of the Administrative Review Law. The court also denied plaintiff's request to issue subpoenas for the Department's records.

¶ 23    On appeal, plaintiff contends that the circuit court erred when it dismissed her complaint because article 6, section 9 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 9) grants circuit courts original jurisdiction of all justiciable matters and power to review administrative actions as provided by law. Plaintiff also claims that the instructions she received from the Department regarding how to appeal the Board's decision were not clear and that the Department committed procedural errors that led to her untimely filing. Plaintiff states that she acted with due diligence and demonstrated good cause to reverse the circuit court's judgment. She further states that it is fundamentally unfair and "against equity and good conscience" to allow the Department to recoup payments, which caused her to suffer damages.

¶ 24    A motion to dismiss pursuant to section 2-619 of the Code and issues regarding the circuit court's subject matter jurisdiction are questions of law which we review *de novo*. *Walker v.*

*Chasteen*, 2025 IL 130288, ¶ 16. In Illinois, circuit courts have the authority to review administrative actions only "as provided by law." *Ameren Transmission Company of Illinois v. Hutchings*, 2018 IL 122973, ¶ 13 (quoting Ill. Const. 1970, art. VI, § 9). Judicial review of an administrative decision is exercised through "special statutory jurisdiction" which is limited by the language of the act that confers it. *Ameren Transmission*, 2018 IL 122973, ¶ 13. A court has no jurisdictional authority from any other source. *Id.* Consequently, a party who seeks to invoke the circuit court's special statutory jurisdiction must strictly comply with the procedures prescribed by the statute. *Id.* If the statutory procedure is not strictly followed, jurisdiction is not conferred on the circuit court. *Id.*

¶ 25    The Act provides that a decision by the Board "shall be reviewable only under and in accordance with the provisions of the Administrative Review Law." 820 ILCS 405/1100 (West 2024). The Administrative Review Law states that a complaint for review of a final administrative decision must be filed within 35 days from the date that a copy of the agency's decision was mailed to the plaintiff, and a plaintiff's failure to comply with that deadline bars him or her from obtaining judicial review of the decision. 735 ILCS 5/3-102, 103 (West 2024); *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 413-14 (2003).

¶ 26    Here, the record shows that the Board's final administrative decision denying plaintiff unemployment benefits was mailed to her on August 7, 2024. The decision expressly informed plaintiff that, to appeal the Board's denial, she "must file a complaint for administrative review and have summons issued in [the] circuit court within 35 days from the mailing date, 08/07/2024." Plaintiff's 35-day period for filing a complaint in the circuit court ended on September 11, 2024.

¶ 27    Plaintiff filed her *pro se* complaint for administrative review in the circuit court on May 22, 2025. Thus, plaintiff's complaint was untimely filed more than nine months after the Board issued its final decision. Due to plaintiff's failure to comply with the 35-day time limit, the circuit court's finding that it lacked jurisdiction to consider her administrative appeal was proper. *Carroll v. Department of Employment Security*, 389 Ill. App. 3d 404, 410 (2009).

¶ 28    In addition, we are unable to honor plaintiff's request to reverse the circuit court's dismissal in the interests of justice or for good cause. Our supreme court has repeatedly stated that courts are prohibited from granting exceptions to the jurisdictional rule. The court has explained that the circuit court does not have the authority to excuse untimely filings "in the interests of justice" because equitable tolling is inconsistent with the language in the Administrative Review Law. *Grimm v. Calica*, 2017 IL 120105, ¶ 18. The court has further stated that the Act "does not provide for late filings for excusable neglect or for good cause." *Hernandez v. Department of Labor*, 83 Ill. 2d 512, 519 (1981).

¶ 29    For these reasons, we affirm the judgment of the circuit court of Cook County granting the State defendants' motion to dismiss plaintiff's complaint for administrative review due to lack of jurisdiction.

¶ 30    Affirmed.